IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRITO GEFFRARD, | Case No. 1:24-cv-1492 |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| REGINALD NAZAIRE, | |
| and | |
| UNITY INVESTMENT HOLDINGS CORPORATION, | |
| Defendants. | |

## COMPLAINT

Plaintiff Frito Geffrard ("Plaintiff" or "Geffrard") hereby files this complaint against Defendants Reginald Nazaire ("Nazaire") and Unity Investment Holdings Corporation ("Unity", collectively with Nazaire, "Defendants"), and in support thereof states as follows:

### NATURE OF THE ACTION

1. Mr. Geffrard brings this case to right a fraud worked upon him by an acquaintance from his church. Mr. Nazaire is the son of two former members of Mr. Geffrard's church, and a supposedly avid investor and financial professional. In or about December of 2022, Mr. Nazaire approached Mr. Geffrard to commit $100,000 to be invested through Mr. Nazaire's company, Unity. Believing Mr. Nazaire to be trustworthy and the investment to be safe, Mr. Geffrard agreed to invest with Mr. Nazaire under the mistaken belief that he was helping grow the fledgling business of a fellow church-member. However, it quickly became apparent that Mr. Geffrard had the wrong picture of Mr. Nazaire. Soon after investing the money, Mr. Geffrard inquired about the

1

status of his investment.  Mr. Nazaire told Mr. Geffrard that he would update him on the status of his investment, but this update never came.  With radio silence from Mr. Nazaire, Mr. Geffrard requested a refund of his investment on May 1, 2023.  Since then, Mr. Nazaire has repeatedly told Mr. Geffrard that the refund would be forthcoming, but never provided a timeline or any concrete steps taken towards refunding Mr. Geffrard.  Now, nearly a year after requesting a refund of his investment, Mr. Geffrard is forced to bring this complaint to recoup the money Mr. Nazaire took.

2. Mr. Geffrard, by and through his attorneys, bring this action to challenge the actions of Unity Investment Holdings Corporation and its CEO, Reginald Nazaire regarding securities fraud, breach of contract, breach of fiduciary duty, theft, conversion, unjust enrichment, and negligence, and these actions did cause Plaintiff harm.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for securities and wire fraud under 15 U.S.C. §78j(b), 18 U.S.C. 1343, and 17 C.F.R. §240.10b-5.

4. As a result, this court has federal subject matter and original jurisdiction under 28 U.S.C. § 1331 and § 1338(a).  This court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to claims for which this court has original jurisdiction and the claims form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C §1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the judicial district, and the contract at issue in this claim requires all claims arising out of the contract to be litigated in the Borough of Manhattan in the State of New York (Section 26).  This contract is attached to the complaint as Exhibit A.

**PARTIES**

6. Plaintiff Frito Geffrard is an individual residing in Union County, New Jersey.

7. Unity Investment Holdings, Corp. is a New Jersey corporation with a primary place of business in Andover, Sussex County, New Jersey.

8. Unity is a financial services company that enables customers to invest money in an account, through which the money can be used to purchase, trade, and sell securities and other financial products on public markets.

9. Mr. Nazaire is an individual residing in Andover, Sussex County, New Jersey.

10. Mr. Nazaire is the founder and Chief Executive Officer of Defendant Unity.

**FACTUAL ALLEGATIONS**

11. Plaintiff was a long-time acquaintance of Mr. Nazaire, whom Plaintiff knew through church.

12. Mr. Nazaire used that church connection to approach Plaintiff with what he purported to be an investment opportunity.

13. On December 18, 2022, Mr. Nazaire came to the residence of Plaintiff for the purposes of presenting that purported investment opportunity. While at Plaintiff's residence, Mr. Nazaire made a presentation for the purpose of convincing Plaintiff to commit money that Mr. Nazaire would in turn invest in crypto currencies and publicly-traded stocks.

14. After the presentation, Plaintiff agreed to commit $100,000 for investment with Mr. Nazaire.

15. As would later become apparent, Mr. Nazaire did not intend to faithfully invest the money as he had represented at this meeting. Instead, he intended to take Mr. Geffrard's money,

apply it to an unknown purpose unrelated to Plaintiff's benefit, and dodge Mr. Geffrard's inquiries regarding the supposed investment.

16. In December, 2022, Plaintiff entered into a customer service agreement ("Agreement") with Defendant Unity. A true and correct copy of the Agreement is attached as **Exhibit A.**

17. The Agreement was a standard brokerage firm contract that committed Defendant Unity to a fiduciary duty to manage, trade, and invest in securities any money provided by Plaintiff for the benefit of Plaintiff.

18. The Agreement allowed Plaintiff to cancel with three days written notice. *See* **Exhibit A** at § 22.

19. The Agreement listed Reginald Nazaire as an "introducing broker," which the agreement states may allow Unity to compensate Nazaire for introducing Plaintiff to Unity. *See* **Exhibit A** at 12.

20. Upon information and belief, Mr. Nazaire is not licensed as a broker or a financial professional in any capacity.

21. On February 9, 2023, Plaintiff, via a wholly owned business entity, FG Management, wired $100,000 to Mr. Nazaire to fulfill his previous commitment. A true and correct copy of this wire transfer is attached as **Exhibit B**.

22. Mr. Nazaire received the money and conveyed his confirmation with the receipt with Plaintiff.

23. Mr. Nazaire never provided Mr. Geffrard with any access to an account of any kind to view the status of his investment, nor, as became apparent, did he ever intend to.

24. From that confirmation until March 31, 2023, neither Defendant communicated with Plaintiff.

25. On March 31, 2023, Plaintiff sent a text message to Mr. Nazaire requesting that he send an investment statement for the months of February and March. This exchange is attached on Page 5 of **Exhibit C**, which is a true and correct copy of the full text exchange between Mr. Nazaire and Mr. Geffrard**.**

26. Mr. Nazaire replied that he would send the investment statement on April 3, 2023. *See* **Exhibit C** at 6**.**

27. Mr. Nazaire did not, in fact, ever send such an investment statement.

28. On May 1, 2023, Plaintiff sent a text message to Mr. Nazaire requesting a refund of the previously submitted $100,000. *See* **Exhibit C** at 6**.**

29. Mr. Nazaire replied that he would refund the entire $100,000 amount by the end of May 2023. *See* **Exhibit C** at 7.

30. Neither Defendant ever refunded nor paid any amount of money to Plaintiff.

31. On June 1, 2023, Plaintiff called Mr. Nazaire on the telephone. Mr. Nazaire did not answer the call.

32. Mr. Nazaire did respond to Plaintiff via text, which stated "Hey Frito, I'm in a meeting at right now trying to get withdrawal delay figured out, I will call you back ASAP." *See* **Exhibit C** at 7**.**

33. Plaintiff responded to this text with, "OK." *See* **Exhibit C** at 8.

34. Neither Defendant ever called Plaintiff.

35. On June 5, 2023, Plaintiff texted Mr. Nazaire and informed him he had received neither the $100,000 nor the phone call promised on June 1. *See* **Exhibit C** at 8.

36. Mr. Nazaire responded via text apologizing for not getting back to Plaintiff. He apologized for not being transparent and for not communicating, but he did not make any mention of the $100,000. He stated Plaintiff could call him the next day. *See* **Exhibit C** at 8–9.

37. Plaintiff immediately responded with the text "you can call me right now." *See* **Exhibit C** at 8–9**.**

38. Mr. Nazaire did not respond to this text with either a phone call or another text.

39. On June 12, 2023 Plaintiff texted Mr. Nazaire to ask for a telephone call. *See* **Exhibit C** at 9.

40. Mr. Nazaire did not respond to that text.

41. On June 14, 2023, Mr. Nazaire texted Plaintiff inquiring about meeting in person. *See* **Exhibit C** at 9**.**

42. Neither Defendant followed up with this nor did either Defendant further contact Plaintiff.

43. On October 20, 2023, Plaintiff received a letter from William D. Ware, stating that he was counsel for Mr. Nazaire. The letter stated that Mr. Nazaire was working on paying everyone he owes money to. The letter did not mention a timeline or any definite payment plan or timeline. A true and correct copy of this letter is attached as **Exhibit D.**

44. On December 22, 2023, Plaintiff sent a letter to Mr. Nazaire's counsel demanding repayment of the $100,000 by December 31, 2023. This communication went unanswered and neither Mr. Geffrard nor his counsel have received a response to date.

## FIRST CAUSE OF ACTION
## SECURITIES FRAUD
**(As to Unity and Mr. Nazaire)**

45. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

46. Defendants made false statements and material omissions, namely that they would invest the $100,000 for the fiduciary benefit of the plaintiff, give Plaintiff statements regarding the status of the account, and provide a refund when requested.

47. Defendants knew or recklessly made the statements knowing they had no basis to believe they were investing the money for the fiduciary benefit of Plaintiff.

48. Defendants had no intention of investing the money for the fiduciary benefit of Plaintiff. Instead, they intended on using the money for their own benefit.

49. The statements were related to securities, namely the Defendants' promise to make investments on behalf of Plaintiff.

50. Plaintiff relied on the Defendants' statements when committing $100,000 for investment purposes.

51. The actions of the Defendants have caused harm to Plaintiff, including but not limited to the $100,000 Defendants fraudulently induced from him.

52. Defendants used modes of interstate commerce for that purpose, namely text messages and securing funds via a bank wire transfer.

53. The foregoing constitutes securities fraud under 15 U.S.C. §78j(b) and 17 C.F.R. 240.10b-5.

54. As a result of these actions, Plaintiff is entitled to actual damages.

## SECOND CAUSE OF ACTION
## WIRE FRAUD
**(As to Unity and Mr. Nazaire)**

55. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

56. Defendants voluntarily and intentionally made statements as part of a scheme to defraud Plaintiff out of money. This is demonstrated by Defendants' refusal to provide accounting for the money, communicate about the money, or return the money.

57. The purpose of this scheme was to defraud Plaintiff of his money, by convincing him to provide Defendants with $100,000 with no intention of investing that money for the fiduciary benefit of Plaintiff.

58. It was reasonably foreseeable that interstate wire communications would be used, especially given the plan from the beginning was to have Plaintiff wire Defendants the money.

59. Interstate wire communications, namely money transfers, were indeed used.

60. The foregoing constitutes Wire Fraud under 18 U.S.C. 1343

61. As a result of these actions, Plaintiff is entitled to actual damages.

## THIRD CAUSE OF ACTION
## FRAUDULENT MISREPRESENTATION
**(As to Unity and Mr. Nazaire)**

62. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

63. Defendants made several materially false misrepresentations, namely that Plaintiff's money would be used for investment purposes, that Plaintiff would receive an accounting of his money, and that Plaintiff could receive his money upon request.

64. Defendants made these statements intending to defraud Plaintiff out of his $100,000 without providing the investments for the fiduciary benefit of Plaintiff.

65. Defendants never had any intention of fulfilling their statements to Plaintiff. Instead, their intent was to use the money for their own purposes.

66. Plaintiff reasonably relied on these misrepresentations when he committed $100,000 to the possession of Defendants.

67. Plaintiff suffered damages from this reasonable reliance, namely but not limited to the loss of his money that he was told would be invested on his behalf.

68. These actions constitute Fraudulent Misrepresentation under New York law. *Swersky v. Dreyer & Traub*, 643 N.Y.S.2d 33, 36 (1st Dept. 1996).

69. As Defendants took these actions to deliberately deprive Plaintiff of a substantial sum of money and willfully and wantonly refused to return Plaintiff's money, Plaintiff is entitled to punitive damages.

70. In addition, as a result of each and every fraudulent misrepresentation, Plaintiff is entitled to actual damages.

**FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(As to Unity and Mr. Nazaire)**

71. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

72. Plaintiff and Mr. Nazaire had an oral contract that Plaintiff would provide $100,000 and that Nazaire would invest the money on behalf of Plaintiff.

73. Plaintiff and Defendant Unity had a written contract requiring Defendant Unity to act on behalf of the fiduciary duty of Plaintiff and provide accountings of the money and a refund of the account upon request.

74. Plaintiff materially performed his duties under the contract.

75. Defendants failed to materially perform their commitments under the contract by taking Plaintiff's money and not using it for the fiduciary duty of Plaintiff or returning it upon request.

76. Defendants never had any intention of fulfilling their commitments under the contracts.

77. Plaintiff has suffered damages from this breach, namely but not limited to the loss of money he provided for investment.

78. These actions constitute breach of contract under New York law. *WorldCom Inc. v. Sandoval*, 701 N.Y.S.2d. 834, 836 (N.Y. Sup. Ct. 1999).

79. As a result of each and every breach of these contracts, Plaintiff is entitled to actual damages.

**FIFTH CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**
**(As to Unity and Mr. Nazaire)**

80. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

81. Defendants had a fiduciary duty to Plaintiff. This was established by the contracts between the parties and the specific assurances by Plaintiff Nazaire that money would be invested for the benefit of Plaintiff and that Defendants would provide an accounting statement of Plaintiff's

money, and by Mr. Nazaire's acknowledgement of the validity of Plaintiff's request to recoup his money.

82. Defendants violated this fiduciary duty by failing to invest Plaintiff's money on behalf of Plaintiff, provide a written statement of Plaintiff's account, or return the money when demanded.

83. Defendants never intended on fulfilling their fiduciary duty to Plaintiff.

84. Plaintiff suffered damages from this breach of fiduciary duty, namely but not limited to the loss of the money Plaintiff gave to Defendants to invest.

85. These actions constitute a breach of fiduciary duty under New York law. *Kurtzman v. Bergstol*. 835 N.Y.S.2d 644 (2nd Dept 2007).

86. As Defendants took these actions to deliberately deprive Plaintiff of a substantial sum of money and willfully and wantonly refused to return Plaintiff's money, Plaintiff is entitled to punitive damages.

87. As a result of each and every breach of these fiduciary duties, Plaintiff is entitled to actual damages.

**SIXTH CAUSE OF ACTION**
**<u>CONVERSION</u>**
**(As to Unity and Mr. Nazaire)**

88. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

89. Plaintiff had a right to possess the property in question, namely the $100,000 provided to Defendants for the specific purposes of investing on behalf of Plaintiff. Plaintiff had the right to demand the return of the investment money at any time.

90. Defendants converted this money to their unlawful possession by failing to invest that money on behalf of Plaintiff or placing it in a specifically marked account for Plaintiff, using the money for their own purposes, and by failing to return or even identify the funds when asked.

91. It was the intent of Defendants to unlawfully convert Plaintiff's property.

92. These actions constitute conversion under New York law. *Thys v. Fortis Sec. LLC*, 903 N.Y.S.2d 368, 369 (1st Dept. 2009).

93. As Defendants took these actions to deliberately deprive Plaintiff of a substantial sum of money and willfully and wantonly refused to return Plaintiff's money, Plaintiff is entitled to punitive damages for each and every act of conversion.

94. As a result of each and every instance of conversion, Plaintiff is entitled to actual damages.

**SEVENTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(As to Unity and Mr. Nazaire)**

95. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

96. Plaintiff conferred a benefit on the Defendants, namely $100,000. This became a benefit when Defendants used this money for their own purposes rather than to invest that money for Plaintiff as agreed.

97. Defendants obtained material benefit because they failed to invest or use the money for the fiduciary benefit of Plaintiff, and instead simply kept possession of the money.

98. Defendants have not provided proper, or any compensation, for this benefit arising from their actions.

99. These actions constitute unjust enrichment under New York Law. *Nakamura v. Fuji*, 253 A.D.2d. 387, 390 (1st Dept. 1998).

100. As Defendants took these actions to deliberately deprive Plaintiff of a substantial sum of money and willfully and wantonly refused to return Plaintiff's money, Plaintiff is entitled to punitive damages.

101. As a result of each and every instance of unjust enrichment, Plaintiff is entitled to actual damages.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE
### (As to Unity and Mr. Nazaire)

102. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

103. Defendants had a duty of care to Plaintiff, namely, to manage and invest Plaintiff's money with the reasonably ordinary care a professional fiduciary would.

104. Defendants breached this duty of care by failing to invest Plaintiff's money, failing to provide any sort of accounting of Plaintiff's funds, failing to reasonably communicate with Plaintiff, failing to return Plaintiff's funds, and keeping Plaintiff's money for their own purposes.

105. These actions caused Plaintiff to lose $100,000 of funds he had reasonably expected to have invested on his behalf.

106. This loss of funds caused damage to Plaintiff.

107. These actions constitute negligence under New York law. *Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 17 N.Y.3d. 565, 576 (2011)

108. As a result of each and every instance of negligence, Plaintiff is entitled to actual damages.

**NINTH CAUSE OF ACTION**
**GROSS NEGLIGENCE**
**(As to Unity and Mr. Nazaire)**

109. Plaintiff incorporates by reference paragraphs 1-44 and paragraphs 88-94 of this complaint as though fully stated herein.

110. Defendants' actions reflect a reckless disregard for the rights of others. Defendants made no discernible attempt to invest Plaintiff's funds, provide a statement of Plaintiff's funds, return Plaintiff's funds, or take any step whatsoever that reflected a professional fiduciary investor other than receiving plaintiff's money.

111. Defendants' intent in this matter from the beginning was to disregard and violate the rights of Plaintiff.

112. These actions constitute gross negligence under New York law. *Kalisch-Jarcho, Inc. v. New York.* 448 N.E.2d 413, 416 (N.Y. 1983)

113. As a result of each and every instance of gross negligence, Plaintiff is entitled to actual damages.

**TENTH CAUSE OF ACTION**
**DECEPTIVE ACTS AND PRACTICES**
**(As to Unity and Mr. Nazaire)**

114. Plaintiff incorporates by reference paragraphs 1-44 of this complaint as though fully stated herein.

115. Defendants engaged in deceptive trade practices by telling Plaintiff they would invest his money for Plaintiff's benefit when they had no intention of doing so, thereby causing Plaintiff to pay Defendants $100,000 in reliance of this deception.

116. Defendants' actions were willful and knowing, because they made no effort to fulfill their deceptive statements by investing Plaintiff's money, providing Plaintiff a statement of accounts, refunding Plaintiff's money, or taking any step to fulfill their deceptive statements.

117. These actions constitute a violation of the New York Deceptive Trade Practices Act, NY CLS Gen Bus § 349 (a),(b), and (h)

118. For each and every instance of deceptive trade practices, Plaintiff is entitled to actual damages and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

119. Plaintiff demands a jury trial for each and every cause of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

1. Finding that Defendants engaged in Securities Fraud;
2. Finding that Defendants engaged in Wire Fraud;
3. Finding that Defendants fraudulently misrepresented themselves;
4. Finding that Defendants breached contracts with Plaintiff;
5. Finding that Defendants breached fiduciary duty to Plaintiff;
6. Finding that Defendants converted property of Plaintiff;
7. Finding that Defendants have been unjustly enriched at the expense of Plaintiff;
8. Finding that Defendants' actions toward Plaintiff were negligent;
9. Finding that Defendants' actions toward Plaintiff were grossly negligent;
10. Awarding actual damages pursuant to the above in the amount of $100,000, in addition to pre- and post-judgment interest;

11. Awarding reasonable attorneys' fees to Plaintiff in accordance with NY CLS Gen Bus § 349(h);

12. Awarding punitive damages to Plaintiff; and

13. Awarding Plaintiff his costs in pursuing this action pursuant to Fed. R. Civ. P. 54(d)(1).

Dated: February 27, 2024              Respectfully submitted,

       /s/ David Ludwig
David Ludwig (NY Bar No. 5546254)
DUNLAP BENNETT & LUDWIG PLLC
31 W 34th St. #8030
New York, New York 10001
Telephone: (917) 338-1905
Facsimile: (703) 777-3656
dludwig@dbllawyers.com

Thomas M. Dunlap (*pro hac vice* forthcoming)
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Boulevard, Suite 550
Vienna, Virginia 22182
Telephone: (703) 777-7319
Facsimile: (703) 777-3656
tdunlap@dbllawyers.com

Whet Smith (*pro hac vice* forthcoming)
DUNLAP BENNETT & LUDWIG PLLC
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Telephone: (804) 581-5316
Facsimile: (703) 777-3656
mshafer@dbllawyers.com
wsmith@dbllawyers.com

*Attorneys for Plaintiff Frito Geffrard*